IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERENDIDA CONTRERAS,** | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-3515 |
| | § | |
| **TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY** | § | |
| Defendant | § | |

## NOTICE OF REMOVAL

Defendant Travelers Home and Marine Insurance Company ("Travelers"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action Cause Number 2019-59111; *Erendida Contreras v. Travelers Home and Marine Insurance Company;* In the 234th Judicial District Court of Harris County, Texas.  In support of this Notice of Removal, Travelers respectfully represents the following:

1.   Erendida Contreras ("Contreras" or "Plaintiff") commenced the captioned action by filing an Original Petition on August 23, 2019, in the 234th Judicial District Court of Harris County, Texas (the "Petition").[1]  Travelers was served on August 30, 2019.

2.   Together with this Notice of Removal, Travelers is filing certified copies of all process, pleadings, orders, and the docket sheet from the 234th Judicial District Court of Harris County.

3.   Plaintiff is an individual residing in Montgomery County, Texas.  The Petition alleges that Travelers is "an insurance company doing business in the State of Texas."[2] In fact, Travelers

---

[1]   *See,* Exhibit "A," attached hereto and incorporated herein by reference as if set forth verbatim, that being a true and correct copy of Plaintiffs' Original Petition in Cause No. 2019-59111; *Erendida Contreras v. Travelers Home and Marine Insurance Company;* In the 234th Judicial District Court of Harris County, Texas.
[2]   *See*, Petition at p. 2, ¶¶ 4 & 5.

is a corporation organized under the laws of the State of Connecticut whose principal place of business is in the state of Connecticut.

4.  Plaintiff alleges that he seeks "monetary relief under $100,000."[3]  Although Plaintiff further alleges that his "damages do not exceed the sum or value of $74,000, exclusive of interest and costs,"[4] he does not include a declaration or affidavit unequivocally committing to damages at or under $75,000.

5.  Because Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."[5]  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings."[6]  No binding stipulation or affidavit was filed with Plaintiffs' Petition.

6.  In the Petition, Plaintiff claims that "Contreras is a named insured under a property insurance policy issued by Travelers . . . ."[7] Plaintiff is the owner of a homeowners insurance policy (hereinafter referred to as 'the Policy'), which was issued by Defendant Travelers. Plaintiff owns the insured property, which is specifically located at 29027 W. Pecos River Court, Spring, Texas 77386 (hereinafter referred to as 'the Property')."[8]  Further, in their Petition, Plaintiff contends that "On August 28, 2017, Hurricane Harvey hit . . . . The impact of this storm caused roof and interior damage to Plaintiff's property."[9]  Also, Plaintiff contends that he "filed a

---

[3] Petition at p. 1, ¶2.
[4] Petition atp. 1, ¶2.
[5] *De Aguilar*, 47 F.3d 1404, 1412 (5th Cir. 1995) *quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992).
[6] *De Aguilar*, 47 F.3d at 1412, n. 10.
[7]  *See*, Petition at p. 4, ¶11.
[8]  *See*, Petition at p. 4, ¶12.
[9]  *See*, Petition at p. 4, ¶15.

claim on his insurance policy."[10] Plaintiff asserts that "Defendant improperly denied and/or underpaid the claim."[11]

7.  Plaintiff contends that Travelers "conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages. . . and undervalued the damages. . . ."[12] and "performed an outcome-oriented investigation. . . ."[13] Further, Plaintiff alleges that Travelers breached its contract;[14] failed to follow the statutory guidelines to accept or deny coverage;[15] misrepresented a material fact or policy provision;[16] failed to make an attempt to settle Plaintiffs' claim in a fair manner;[17] failed to explain to Plaintiff the reason for their offer of an allegedly inadequate settlement;[18] and failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.[19]

8.  Plaintiff also asserts he is "entitled to reasonable and necessary attorney's fees"[20] and "actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of suit, and for all such other and further relief, both general and special, in law and equity. . . ."[21]

---

[10] *See*, Petition at p. 4, ¶15.
[11] *See,* Petition at p. 4, ¶13.
[12] *See*, Petition at p. 4, ¶14.
[13] *See*, Petition at p. 4, ¶16.
[14] See, Petition at p. 4, ¶18.
[15] See, Petition at p. 5, ¶19.
[16] *See*, Petition at p. 5, ¶¶22 &23.
[17] *See,* Petition at p. 5, ¶¶23.
[18] *See,* Petition at p. 5, ¶23.
[19] *See,* Petition at p. 6, ¶23.
[20] *See*, Petition at p. 6, ¶¶26-28.
[21] *See*, Petition at p. 7, Prayer.

9. Finally, Travelers requested Plaintiff stipulate that the amount of controversy is less than $75,000.[22] Plaintiff did not respond to Travelers' request. Plaintiff's lack of response is further evidence that the amount in controversy is greater than $75,000.00.

10. Travelers does not admit the underlying facts as alleged by Plaintiff in the Petition or as summarized above. Travelers expressly denies it has any liability to Plaintiff.

11. This Notice of Removal is filed within 30 days of service of the Petition and is, therefore, timely under 28 U.S.C. § 1446 (b).

## DIVERSITY JURISDICTION

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the relevant parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.[23] Plaintiff is a citizen of the state of Texas, and Travelers is a Connecticut corporation with its principal place of business in Connecticut. Consequently, there is complete diversity of citizenship.

13. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Petition, Plaintiff "seeks monetary relief under $100,000. . . ."[24] Plaintiffs also seek additional and consequential damages, interest, exemplary damages, statutory trebling of damages, and attorneys' fees.[25] Further, Plaintiff does not irrevocably limit his damage claim at or below $75,000 exclusive of interest and costs.

---

[22] Exhibit B.
[23] *See*, Petition at p. 1, ¶2.
[24] *Id.*
[25] *See,* Petition at p. 5-7, ¶¶21-28 and "Prayer."

## **REMOVAL PROCEDURE**

14. The clerk of the 234th Judicial District Court of Harris County, Texas has been provided notice of this Removal.

15. The following exhibits are attached hereto and incorporated herein by reference:

    a. Index of matters being filed;

    b. List of all parties and counsel of record; and

    c. Certified copies of all pleadings, process, and orders served upon defendants.

## **CONCLUSION**

16. Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Travelers hereby removes this case to this Court for trial and determination.

        Respectfully submitted,

        */s/ LaDonna G. Schexnyder*
        LaDonna G. Schexnyder
        Attorney-in-Charge
        Texas Bar No.: 24072938
        Federal ID No. 1096795
        LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
          A LAW CORPORATION
        801 Travis Street, Suite 1800
        Houston, Texas 77002
        Telephone: (713) 222-1990
        Facsimile: (713) 222-1996
        lschexnyder@lawla.com

        ATTORNEY-IN-CHARGE FOR TRAVELERS
        HOME AND MARINE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above pleading has been forwarded via electronic filing and/or facsimile, on this the 17th day of September, 2019 to:

| | |
|---|---|
| Anthony G. Buzbee<br>tbuzbee@txattorneys.com<br>Christopher J. Leavitt<br>cleavitt@txattorneys.com<br>THE BUZBEE LAW FIRM<br>JP Morgan Chase Tower<br>600 Travis, Suite 6580<br>Houston, Texas 77002 | Stephen R. Walker<br>swalker@manuelsolis.com<br>Gregory J. Finney<br>gfinney@manuelsolis.com<br>Juan A. Solis<br>jusolis@manuelsolis.com<br>LAW OFFICES OF MANUEL SOLIS, PC<br>6657 Navigation Blvd.<br>Houston, Texas 77011 |

        */s/  LaDonna G. Schexnyder*
        LaDonna G. Schexnyder